**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LU ANN SEIGLE,**

     **Plaintiff,**

-v-                Case No. 6:16-cv-1811-Orl-37DCI

**STEPHANIE BAGWELL; CHRISTINA M. CARMON; ALEX SEIGLE TRUST FBO LU ANN SEIGLE, U.S. TRUST, BANK OF AMERICA N.A.,**

     **Defendants.**
_____

**ORDER**

  This cause is before the Court for jurisdictional review. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (noting the court's constitutional obligation to dismiss actions *sua sponte* where sufficient jurisdictional allegations are absent from the complaint, and "the plaintiff does not cure the deficiency").

  The Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). Specifically, to establish diversity jurisdiction, the factual allegations of the Complaint must show that: (1) the *citizenship* of the parties is completely diverse; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Citizenship of an "unincorporated business association or entity," such as a limited liability company depends on the citizenship of its individual members. *See Scuotto v. Lakeland Tours,*

*LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013). For an incorporated entity, citizenship turns on the state of incorporation and the location of the entity's principal place of business. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). For natural persons, citizenship equates to *domicile—not residence. See Travaglio*, 735 F.3d at 1269 (emphasis added); *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011).

Here, Plaintiff Lu Ann Seigle ("**Plaintiff**") appears to have named three Defendants in her rather obtuse Complaint—Bank of America N.A. ("**BOA**"), and its employees, Stephanie Bagwell ("**Bagwell**") and Christina M. Carmon ("**Carmon**"). Plaintiff alleges that BOA is incorporated in Delaware and its principal place of business is in North Carolina. (Doc. No. 1 ("**Complaint**").) Notably, the Complaint includes no allegations concerning the citizenship—that is *domicile*—of herself, Bagwell or Carmon. Absent such allegations, the Court finds that Plaintiff has failed to articulate an adequate basis for this Court to exercise jurisdiction in this matter, and the Complaint is due to be dismissed with leave to amend.[1]

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. On or before **November 11, 2016**, Plaintiff is **DIRECTED** to file an

---

[1] Complaints should be drafted in accordance with the pleading requirements of Federal Rules of Civil Procedure 8(a), 8(e), and 10(b). The disorganized and confusing Complaint filed in this action does *not* satisfy such pleading requirements.

2

        Amended Complaint alleging a sufficient factual basis for this Court's exercise of subject-matter jurisdiction.

3. Failure to comply with this Order will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 27, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record